# United States Court of Appeals for the Fifth Circuit

————————

No. 25-30680
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

July 20, 2026

Lyle W. Cayce
Clerk

Kelvin Wells,

*Plaintiff—Appellant*,

*versus*

Frank Bisignano, *Commissioner of Social Security Administration*,

*Defendant—Appellee*.

————————————————————

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:25-CV-471

————————————————————

Before Willett, Duncan, and Engelhardt, *Circuit Judges*.

Per Curiam:*

In January 2023, Appellant Kelvin Wells applied for disability-insurance benefits under Title II of the Social Security Act. The Social Security Administration's ("SSA") Field Office denied his application. Wells then requested a hearing before an administrative law

————————————————

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

judge ("ALJ"), who considered Wells's testimony and concluded that Wells was uninsured when his claimed disability began.

Wells appealed to the SSA's Appeals Council, which vacated the ALJ's decision and remanded on two grounds. Relevant here, the Council ruled that additional factfinding was necessary because the record contained conflicting evidence over when Wells's alleged disability began. The Appeals Council thus instructed the ALJ to remand the claim to the Field Office for further evidentiary development and an initial disability determination.

The ALJ did just that, remanding Wells's claim and denying his request for a hearing. Wells appealed the ALJ's denial, and the Appeals Council declined to review it. Wells then sought judicial review of the denial in the Middle District of Louisiana, which dismissed his claim without prejudice under Rule 12(b)(1) for failing to exhaust his administrative remedies. Wells appeals.

We review the district court's dismissal *de novo*. *Chambers v. Kijakazi*, 86 F.4th 1102, 1105 (5th Cir. 2023). We may affirm "on any basis supported by the record." *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999).

The Social Security Act allows individuals claiming social-security benefits to seek review in federal court of "final decision[s]." *Chambers*, 86 F.4th at 1106; *see also* 42 U.S.C. § 405(g). For a decision to be "final," the claimant must first exhaust the underlying claims, which consists of four steps: (1) an initial eligibility determination; (2) reconsideration; (3) a hearing before an ALJ; and (4) review by the SSA Appeals Council. *See Smith v. Berryhill*, 587 U.S. 471, 475–76 (2019); *see also* 20 C.F.R. § 404.900(a) (detailing exhaustion requirements).

No. 25-30680

The government argues that Wells has not exhausted his administrative remedies. We agree.[1] Given the ALJ's remand, Wells's claim is currently pending before the Field Office, which has not yet determined when his disabled status began. There is therefore no "final decision" for us to review. *See Chambers*, 86 F.4th at 1106. Nor does Wells articulate any "extraordinary circumstance[]" for excusing his failure to exhaust his claim. *See Dawson Farms, LLC v. Farm Serv. Agency*, 504 F.3d 592, 606 (5th Cir. 2007) (citation omitted). Accordingly, the district court properly dismissed Wells's claim.

AFFIRMED.

---

[1] We also agree that Wells's claim should have been dismissed under Rule 12(b)(6), not 12(b)(1), because exhaustion under § 405(g) is nonjurisdictional. *See Smith*, 587 U.S. at 478 (explaining § 405(g) has a jurisdictional requirement "that claims be presented to the agency" and a "waivable . . . requirement that the administrative remedies prescribed by the Secretary be exhausted" (quoting *Matthews v. Eldridge*, 424 U.S. 319, 328 (1976)); *see also Taylor v. U.S. Treasury Dep't*, 127 F.3d 470, 478 n.8 (5th Cir. 1997) ("Rule 12(b)(6) forms a proper basis for dismissal for failure to exhaust administrative remedies."). We therefore affirm the district court's dismissal under Rule 12(b)(6) as a proper "basis supported by the record." *Harper*, 174 F.3d at 719.